ACCEPTED
04-14-00667-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/7/2015 10:53:20 AM
KEITH HOTTLE
CLERK

NO. 04-14-00667-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/7/2015 10:53:20 AM
KEITH E. HOTTLE
Clerk

## IN THE FOURTH COURT OF APPEALS
### at SAN ANTONIO, TEXAS

### RAMIRO & EDNA RAMOS AND FEDERICO SALAZAR, JR.
### APPELLANTS

### V.

### THE UNKNOWN HEIRS OF TOMASA GONZALEZ AND NARCISO GONZALEZ
### APPELLEES

---

### APPELLANTS' REPLY BRIEF

---

**On appeal from Cause No. DC-09-559; 381st Judicial District Court of Starr County, Texas**

---

Keith P. Miller
State Bar No. 14093725
Megan H. Kucera
State Bar No. 24076449
LAW OFFICES OF KEITH P. MILLER, P.C.
14350 Northbrook, Suite 150
San Antonio, Texas 78232
Telephone:  (210) 524-9040
Telecopier:  (210) 267-2982

ATTORNEYS FOR APPELLANTS

ORAL ARGUMENT REQUESTED

## IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL

| Parties to Proceeding | Counsel |
| --- | --- |
| J. Manuel Bañales<br>*Trial Judge* | |
| Ramiro & Edna Ramos and<br>Federico Salazar, Jr.<br>*Appellants* | Keith P. Miller<br>Megan H. Kucera<br>Law Offices of Keith P. Miller, P.C.<br>14350 Northbrook, Suite 150<br>San Antonio, Texas 78232<br>Telephone: (210) 524-9040<br>Telecopier: (210) 267-2982 |
| The Unknown Heirs of Narciso Gonzalez<br>*Appellees* | Orlando Rodriguez<br>611 W. Main Street<br>Rio Grande City, Texas 78582<br>Telephone: (956) 488-0772<br>Telecopier: (956) 488-8920 |
| The Unknown Heirs of Tomasa Gonzalez<br>*Appellees* | Minerva Garza<br>200 E. 2nd Street<br>Rio Grande City, Texas 78582<br>Telephone: (956) 487-7131<br>Telecopier: (956) 487-8806 |

| | |
|---|---|
| Alicia O. Ramos<br>Alicia R. Salinas<br>Alma Gonzalez Hein<br>Alvan Gutierrez<br>Carmen Salazar Garza<br>Dalia Nora B. Ramirez<br>Delia Norma B. Valadez<br>Diana N.B. Medina<br>Dora N. Bustamante<br>Eddie Guzman<br>Eddie Vasquez Villa<br>Elia G. Garza<br>Fiacro Salazar, Jr.<br>Fidel Salazar<br>Gloria Ramos<br>Homero Hector Gonzalez<br>Javier J. Gonzalez<br>Jose Emilio Gonzalez, Jr.<br>Juan Gutierrez<br>Juan Manuel Garcia<br>Juan Ramon Gonzalez<br>Laura Gonzalez Guerrera<br>Maria Del Carmen Salazar<br>Maria Elia Gonzalez Garza<br>Maria Emma B. Ramirez<br>Mario Cesar Gonzalez<br>Omar Garcia<br>Pablo Idefonso Gonzalez<br>Sergio L. Bustamante<br>Veronica Martinez | John A. Pope, III<br>Atlas & Hall<br>200 N. Britton Avenue<br>Rio Grande City, Texas 78582<br>Telephone: (956) 488-1896<br>Telecopier: (956) 488-6482 |
| Armando Villarreal, Jr.<br>Elva Gonzalez<br>Nanette Romo<br>Noel Villarreal<br>Vilda Daniel<br>Vilma Bily | Daniel J. Garcia<br>100 E. 5th Street<br>Rio Grande City, Texas 78582<br>Telephone: (956) 488-8170<br>Telecopier: (956) 488-8129 |

ii

| | |
|---|---|
| Alicia S. Lyons<br>Antonio Elizondo<br>Carmen Salazar Sicroff<br>Graciela R. Saldania<br>Homero Garcia<br>Irma Elizondo Garcia<br>Jose Venancio Elizondo<br>Maria A. Benavides<br>Maria F. Glaser<br>Norma Garcia<br>Olga Guerrero<br>Rodolfo Canales, Jr.<br>Roque V. Mendez<br>Santos Garcia, Jr.<br>Yolanda Garcia | J.M. "Chuey" Alvarez<br>Alvarez Law Firm<br>501 N. Britton Avenue<br>Rio Grande City, Texas 78582<br>Telephone: (956) 487-4871<br>Telecopier: (956) 487-7521 |
| Adalberto Villarreal<br>Adan Ramos, Jr.<br>Aissa Lynette Salazar<br>Alberto Villarreal<br>Amelia Salazar Yunez<br>Arabela Gonzalez<br>Arlene Luccette Salazar<br>Belinda Garcia* (Villarreal-Garza)<br>Cindy Ramos-Ramos<br>Dora Lisa Salazar Guerrero<br>Efraim Villarreal<br>Efrain Ramos-Ramos<br>Erica Guzman Uribe<br>Gerardo Salazar<br>Gilda Ramos<br>Graciela Ramos-Guerra<br>Hayde Correa<br>Irma Salazar Cisneros<br>Javier Salinas<br>Maria Elena Villarreal-Vasquez<br>Maria Eliva Garza<br>Maria Elsa Gutierrez<br>Maria Emma Bustamante<br>Maria Esther Gonzalez<br>Maria Eva Ramos-Garcia<br>Melissa Salazar Longoria<br>Roberto (Bobby) Salazar<br>Rolando L. Villarreal<br>Rosa Enna Gonzalez<br>Sandra Becker<br>Sandra Villarreal-Smith | Pro Se |

| | |
|---|---|
| Sergio L. Bustamante, Jr.<br>Socorro Gonzalez<br>Sylvia Ramos<br>Veronica Salazar Rivera | |

# TABLE OF CONTENTS

IDENTITY OF TRIAL JUDGE, PARTIES, AND COUNSEL......................................i

TABLE OF CONTENTS ..................................................................v

INDEX OF AUTHORITIES ..............................................................vi

ARGUMENT AND AUTHORITIES...........................................................1

    REPLY TO APPELEES' RESPONSE TO ISSUE NO. 1 ...................................1

    REPLY TO APPELEES' RESPONSE TO ISSUE NO. 2 ...................................2

    REPLY TO APPELEES' RESPONSE TO ISSUE NOS. 3 &4 ...............................3

PRAYER...............................................................................4

CERTIFICATE OF COMPLIANCE............................................................5

CERTIFICATE OF SERVICE ..............................................................6

# INDEX OF AUTHORITIES

## RULES OF PROCEDURE

Tex. R. Civ. P. 116 ................................................................................................... 3

Tex. R. Civ. P. 117 ................................................................................................... 3

## STATUTES

Texas Property Code § 29.002 (Vernon 2014) ...................................................... 3, 4

## CASES

*Walker v. Packer,* 827 S.W.2d 833, 840
(Tex. 1992) ........................................................................................................... 1, 2

*Schluter v. Sell,* 194 S.W.2d 125
(Tex. Civ. App. – Austin 1946, no writ) ................................................................... 1

*Hill v. Jarvis,* 2008 WL 2571753
(Tex. App. – Tyler 2008, pet. Denied) ..................................................................... 1

*Wheeler v. Phillips,* 2011 WL 4011455, 11
(Tex. App. – Austin 2011, pet. denied) ................................................................... 1

*Bailey–Mason v. Mason,* 334 S.W.3d 39, 45
(Tex. App. – Dallas 2008, pet. denied) ................................................................. 1, 2

*Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537
(Tex. App. – San Antonio 2011, no pet.) ................................................................. 1

*Casso v. Fullerton,* 2006 WL 2612600, 3
(Tex. App. – San Antonio 2006, pet. denied) .......................................................... 2

*Hill v. Jarvis,* 2008 WL 2571753
(Tex. App. – Tyler 2008, pet. denied) ...................................................................... 2

*Wheeler v. Phillips,* 2011 WL 4011455, 11
(Tex. App. – Austin 2011, pet. denied) .................................................................... 2

*Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537
(Tex. App. – San Antonio 2011, no pet.) .................................................................. 2

*Orix Capital Markets, LLC v. La Villita Motor Inns, J.V.,* 329 S.W.3d 30, 44 (Tex. App. – San Antonio 2010, pet. denied) ................................................................. 2

## ARGUMENT AND AUTHORITIES

### REPLY TO APPELLEES' RESPONSE TO ISSUE NO. 1:

Appellees appear to misapprehend the nature of Appellants' arguments. Appellants are not making a sufficiency of the evidence challenge, as the factual findings in this case were in Appellants' favor. The trial court *specifically found* that Appellants "were the only heirs of Tomasa and Narciso Gonzalez who expended funds for the preservation of the land in question after the deaths of the Gonzalez's in 1983" and "paid more than $81,873.82 for ad valorem taxes, maintenance, and the preservation of the property for over 31 years." (C.R. 634-638). However, despite these factual findings by the trial court, Appellants' claim for equitable reimbursement was denied due to the trial court's misapprehension or misapplication of the law.

It is the misapplication of the law which amounts to an abuse of discretion and which Appellants now appeal. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, in accordance with Texas Rule of Appellant Procedure 38, Appellants adequately briefed the law which they allege was misapplied and clearly set forth their argument for reversal. (Appellants' Brief at 9-11). There is no need for Appellants to put forth more evidence "of when they had [paid]" or "clear and convincing evidence" as argued by Appellees. (Appellees' Brief at 7-9). The trial court's finding that Appellants "paid more than $81,873.82 for ad valorem taxes, maintenance, and the preservation of the [common] property" entitle Appellants, as a matter of law, to an equitable lien to enforce repayment of this sum from their cotenants. (C.R. 636, Pl.'s Ex. 3-23); *see Schluter v. Sell,* 194 S.W.2d 125 (Tex. Civ. App. – Austin 1946, no writ); *see also Hill v. Jarvis,* 2008 WL 2571753 (Tex. App. – Tyler 2008, pet. denied); *see also Wheeler v. Phillips,* 2011 WL 4011455, 11 (Tex. App. – Austin 2011, pet. denied); *see e.g. Bailey–Mason v. Mason,* 334 S.W.3d 39, 45 (Tex. App. – Dallas 2008, pet. denied); *Prize Energy Resources, L.P.*

1

*v. Cliff Hoskins, Inc.*, 345 S.W.3d 537 (Tex. App. – San Antonio 2011, no pet.). The trial court's denial of Appellants' claim for an equitable lien was a clear abuse of discretion and must be reversed on appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (holding a trial court has no discretion to determine what the law is or in applying the law to the facts).

**REPLY TO APPELLEES' RESPONSE TO ISSUE NO. 2:**

Again, Appellees have failed to grasp the nature of Appellants' arguments. While it is true that Texas Rule of Appellate Procedure 33 requires a party to object in order to preserve error, Appellants are not complaining of the trial court's admission or failure to admit a piece of evidence. Appellants complain of the court's interpretation of Texas Property Code § 29 as being the *exclusive* procedural mechanism for recovering sums owed for ad valorem taxes by a cotenant and the court's failure to recognize recent opinions from the various courts of appeal recognizing and affirming the equitable cause of action for reimbursement by a cotenant, a remedy separate from that afforded by Chapter 29. *Casso v. Fullerton*, 2006 WL 2612600, 3 (Tex. App. – San Antonio 2006, pet. denied); *Hill v. Jarvis*, 2008 WL 2571753 (Tex. App. – Tyler 2008, pet. denied); *Wheeler v. Phillips*, 2011 WL 4011455, 11 (Tex. App. – Austin 2011, pet. denied); *see e.g. Bailey–Mason v. Mason*, 334 S.W.3d 39, 45 (Tex. App. – Dallas 2008, pet. denied); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537 (Tex. App. – San Antonio 2011, no pet.). It is well established that a trial court has no discretion to determine what the law is or in applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Misapplication of the law, as we have here, is by definition an abuse of discretion and is subject to reversal. *Orix Capital Markets, LLC v. La Villita Motor Inns, J.V.*, 329 S.W.3d 30, 44 (Tex. App. – San Antonio 2010, pet. denied) (a trial court abuses its discretion and is subject to

2

reversal when it acts without reference to guiding rules or principles of law or misapplies the law).

## REPLY TO APPELLEES' RESPONSE TO ISSUE NOS. 3 & 4:

Appellants did not rely on Chapter 29 of the Texas Property Code and any finding by the trial court to the contrary, is simply not supported by the record. Appellants can only assume that the "support" referred to by the trial court in its final judgment was Appellants' argument that the *may* language in § 29.002(a) of the Texas Property Code clearly indicates that the provision was not intended to be mandatory or exclusive and did not usurp the common law cause of action relied on by the Appellants. Tex. Prop. Code § 29.002(a) (Vernon 2014). It is undeniable that Appellants fervently argued at trial, and on appeal, that Chapter 29 of the Texas Property Code was just one of several means to obtain reimbursement. (V RR. 30-32; C.R. 291-308). A cursory review of Appellants' pleadings and the trial transcript clearly indicate this. *Id.* Because of the sheer number of potential heirs of Tomasa and Narciso Gonzalez precluded Appellants from complying with Chapter 29, Appellants relied on the common law cause of action of equitable reimbursement only.

Furthermore, Appellees argue that Appellants failed to avail themselves to the remedy of citation by publication under Texas Rule of Civil Procedure 116 & 117. Tex. R. Civ. P. 116 & 117. However, Appellees are mistaken. The unknown heirs of Tomasa and Narciso Gonzalez were in fact cited by publication. (C.R. 5-16). Any error in the citation in this matter was waived by the subsequent appearances of the parties, including the appearances of the two attorneys ad litem appointed to represent the unknown heirs. The trial court's finding that Chapter 29 controlled the disposition of this matter is far from "academic" as urged by the Apeellees. (Appellees' Brief at 17). Furthermore, citation by publication of the unknown heirs does not

3

change the fact that it was impossible for Appellants to comply with several of the specific requirements of Section 29.002(b)[1] or that the trial court misapplied the law to the facts. Tex. Prop. Code § 29.002(b) (Vernon 2014).

## PRAYER

Appellants pray the court will reverse the judgment of the trial court and render judgment in Appellants' favor. Appellants pray that all costs of this appeal will be taxed against Appellees. Appellants pray for general relief.

---

[1] Texas Property Code § 29.002(b) states as follows:

(b) The petition must contain:

> (1) a description of the property;
> (2) the name of each known owner of the property;
> (3) *the interest held by each known owner of the property*;
> (4) the total amount paid by the petitioner for the defendant's share of ad valorem taxes imposed on the property; and
> (5) if applicable, the amount paid by the defendant to the petitioner to reimburse the petitioner for paying the defendant's share of ad valorem taxes imposed on the property. Tex. Prop. Code § 29.002(b) (Vernon 2014).

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief conforms to Rule 9.4 of the Texas Rules of Appellate Procedure.

Megan H. Kucera

# CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing has been served by:

```
___ Certified Mail Return Receipt Requested
___ First Class Mail
 X  Telecopier
___ Hand-delivery
```

John A. Olson
Law Office of John A. Olson
20634 Creek River
San Antonio, Texas 78259
Telecopier No. (210) 858-6780

Orlando Rodriguez
611 W. Main Street
Rio Grande City, Texas 78582
Telecopier No. (956) 488-8920

Minerva Garza
200 E. 2nd Street
Rio Grande City, Texas 78582
Telecopier No. (956) 487-8806

John A. Pope, III
Atlas & Hall
200 N. Britton Avenue
Rio Grande City, Texas 78582
Telecopier No. (956) 488-6482

Daniel J. Garcia
100 E. 5th Street
Rio Grande City, Texas 78582
Telecopier No. (956) 488-8129

On this the __7th__ day of August, 2015.

Megan H. Kucera

6